MITCHELL *vs.* SOUTHWEST RAILROAD.

MALICIOUS PROSECUTION, FROM SUMTER. Railroad. Jurisdiction. Service. Damages. Actions. Malicious Suit. Injunction. (Before N. A. Smith, Esq., Judge *pro hac vice*.)

Blandford, J.—1. Railroad companies may be sued in any county in which the cause of action originated by any one whose person or property has been injured by such a company, its officers, agents or employees, for the purpose of recovering damages for such injury, whether there is an agent of the company resident in the county of the suit, and upon whom service may be perfected, or not. ·

2. Where a suit was brought against a railroad company in the county where the injury complained of took place, and the sheriff returned that he had served a certain person as agent for defendant at the depot in that county, and a second original of the declaration and pro-

cess also had been served upon the president of the company, such service was sufficient. Code, §3369 *et seq.*

(a.) The Superior Court of that county having jurisdiction, if there was no provision in the statute, by necessary implication would have the right to assert its jurisdiction by causing its process to be served on the proper officer of the corporation in person, if resident in this State, or by publication, non-resident. Code, §§3369, 2370 *et seq.*

3. In England prior to the statute of 52 Henry III. 1267, where one sued another maliciously and without probable cause, he was liable to to such person in damages in an action on the case ; but since the passage of that statute, which gives costs to the defendant *per falsum clamorem*, the bringing of a civil suit maliciously and without probable cause was not a ground upon which an action could be maintained, unless the action was one whereby the person of the defendant was arrested or his property attached, or some special damage was done to him ; and this it was necessary to set out specially. Such was the common law as adopted in this State by the act of 1784. 1 Salk., 13.

(a.) If a railroad company, through its superintendent, consented that a mill owner might erect a dam which would overflow a portion of its right of way, and upon a sale by the owner to another, the latter obtained a similar license, and the dam having been broken in consequence of a flood, the company filed a bill and obtained an interlocutory injunction to prevent the owner from rebuilding the dam, and if, upon the final trial, the bill was dismissed, an action would lie for the malicious suing out of the injunction without probable cause, whereby the owner had sustained special damage in being deprived of the use of his property.

4. This principle is not altered by the fact that the case was in equity, and that the damages were consequent upon an injunction granted by the Chancellor. Cent. L. J. (March 28, 1884).

Judgment reversed.

E. G. Simmons ; Guerry & Son, for plaintiff in error.

Lyon & Gresham ; Hawkins & Hawkins, for defendant.